# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# (COLUMBIA DIVISION)

| | |
|---|---|
| The Benedict College, | Case No.: 3:08-cv-02520-JFA |
| Plaintiff, | |
| vs. | **DEFENDANT'S ANSWER** |
| | **AND COUNTERCLAIM** |
| National Credit Systems, Inc., | (Jury Trial Demanded) |
| Defendant. | |

Defendant National Credit Systems, Inc. ("National Credit"), by and through its counsel, answers the Plaintiff's Complaint as follows:

## INTRODUCTION

National Credit denies each and every allegation of Plaintiff's Complaint not hereinafter expressly admitted, explained, or qualified, and demands strict proof thereof.

## FOR A FIRST DEFENSE

1. Defendant National Credit admits the allegations of paragraph 1 of the Plaintiff's Complaint.

2. Defendant National Credit denies the allegations of Paragraph 2 of the Plaintiff's Complaint and would state that National Credit Systems, Inc. is a corporation organized and existing under the laws of the State of New York.

3. Defendant National Credit denies the allegations of Paragraph 3 of the Plaintiff's Complaint, but states that National Credit did enter into an agreement to collect outstanding tuition bills due to Benedict on May 18, 2007, a copy of the agreement is attached hereto as Exhibit 1 ("Collection Agreement").

4. Defendant National Credit denies the allegations of Paragraph 4 of the Plaintiff's Complaint and states that documents attached as Exhibit A to the Plaintiff's Complaint do not accurately reflect the terms of the Collection Agreement between the parties to this action. Defendant National Credit would state that only the first 2 pages of Exhibit A represent the agreement between the parties and any amendments to the Collection Agreement were not agreed to by National Credit, or any of its authorized agents or employees.

5. Defendant National Credit denies the allegations of Paragraph 5 of the Plaintiff's Complaint to the extent that it refers to the terms of Exhibit A as the "Contract". Defendant would state that the terms of the Collection Agreement are only terms binding upon the parties and would refer to terms of the Collection Agreement.

6. Defendant National Credit denies the allegations of Paragraph 6 of the Plaintiff's Complaint to the extent that it refers to the terms of Exhibit A as the "Contract". Defendant would refer to the terms of the Collection Agreement in its entirety and would state these are the only terms binding upon the parties.

7. Defendant National Credit admits it agreed to provide collection services for the accounts submitted to it by Plaintiff, subject however, to the terms and conditions of the Collection Agreement. National Credit denies any allegations of Paragraph 7 inconsistent herewith.

8. Defendant National Credit denies the allegations of Paragraph 8 of the Plaintiff's Complaint and would refer to the terms and conditions of the Collection Agreement.

9. Defendant National Credit denies the allegations of Paragraph 9 of the Plaintiff's

        Complaint and would refer to the terms and conditions of the Collection Agreement. National Credit would further aver that many of the accounts submitted by Plaintiff were not "Qualifying Accounts" pursuant to the terms and conditions of the Collection Agreement.

10. Defendant National Credit denies the allegations of Paragraph 10 of the Plaintiff's Complaint.

11. Defendant National Credit denies the allegations of Paragraph 11 of the Plaintiff's Complaint and would refer to the terms and conditions of the Collection Agreement.

12. Defendant National Credit denies the allegations of Paragraph 12 of the Plaintiff's Complaint and would refer to the terms and conditions of the Collection Agreement.

13. Defendant National Credit denies the allegations of Paragraph 13 of the Plaintiff's Complaint and would refer to the terms and conditions of the Collection Agreement.

14. Defendant National Credit denies the allegations of Paragraph 14 of the Plaintiff's Complaint.

## **FIRST CAUSE OF ACTION**
(Breach of Contract)

15. In response to the allegations of Paragraph 15 of the Plaintiff's Complaint, the Defendant incorporates by this reference each and every response to Paragraphs 1-14 as if fully set forth herein.

16. Defendant National Credit denies the allegations of Paragraph 16 of the Plaintiff's Complaint and would refer to the terms and conditions of the Collection Agreement.

17. Defendant National Credit denies the allegations of Paragraph 17 of the Plaintiff's Complaint and would refer to the terms and conditions of the Collection Agreement.

18. Defendant National Credit denies the allegations of Paragraph 18 of the Plaintiff's Complaint and would refer to the terms and conditions of the Collection Agreement.

19. Defendant National Credit denies the allegations of Paragraph 19 of the Plaintiff's Complaint and would refer to the terms and conditions of the Collection Agreement.

20. Defendant National Credit denies the allegations of Paragraph 20 of the Plaintiff's Complaint.

21. Defendant National Credit denies the allegations of Paragraph 21 of the Plaintiff's Complaint.

22. Defendant National Credit denies the allegations of Paragraph 22 of the Plaintiff's Complaint.

23. Defendant National Credit denies the allegations of Paragraph 23 of the Plaintiff's Complaint.

## SECOND CAUSE OF ACTION
(Fraud)

24. In response to the allegations of Paragraph 24 of the Plaintiff's Complaint, the Defendant incorporates by this reference each and every response to Paragraphs 1-23 as if fully set forth herein.

25. Defendant National Credit denies the allegations of Paragraphs 25 through 33 of the Plaintiff's Complaint.

## THIRD CAUSE OF ACTION
(Fraud in the Inducement)

26. In response to the allegations of Paragraph 34 of the Plaintiff's Complaint, the Defendant incorporates by this reference each and every response to Paragraphs 1-33

as if fully set forth herein.

27. Defendant National Credit denies the allegations of Paragraphs 35 through 44 of the Plaintiff's Complaint.

### FOURTH CAUSE OF ACTION
(Unjust Enrichment)

28. In response to the allegations of Paragraph 45 of the Plaintiff's Complaint, the Defendant incorporates by this reference each and every response to Paragraphs 1-44 as if fully set forth herein.

29. Defendant National Credit denies the allegations of Paragraphs 46 through 50 of the Plaintiff's Complaint.

### FOR A SECOND DEFENSE
(Rule 12(b)(6))

30. Plaintiff's Complaint fails to state a claim for which relief can be granted and must be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### FOR A THIRD DEFENSE
(Accord and Satisfaction)

31. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### FOR A FOURTH DEFENSE
(Payment)

32. Plaintiff's claims are barred, in whole or in part, by the doctrine of payment.

### FOR A FIFTH DEFENSE
(Procurement of Breach)

33. Plaintiff's claims are barred due to Plaintiff's own act and omissions in violation of

the terms of the Collection Agreement, which brought about any alleged breach by National Credit.

### FOR A SIXTH DEFENSE
(Failure to Perform Mutual Obligations)

34. Plaintiff's claims are barred to due Plaintiff's failure to perform mutual obligations pursuant to terms of the Collection Agreement.

### FOR A SEVENTH DEFENSE
(Failure to Mitigate)

35. Plaintiff's claims, if any, are barred due to Plaintiff's failure to mitigate any alleged damages suffered.

### FOR AN EIGHTH DEFENSE
(Unclean Hands)

36. Plaintiff's claims, if any, are barred by the doctrine of unclean hands.

### FOR A NINTH DEFENSE
(Waiver, Estoppel, or Laches)

37. Plaintiff's claims, if any, are barred by the doctrines of waiver, estoppel, or laches.

### FOR A TENTH DEFENSE
(Lack of Authority)

38. Plaintiff's claims under the alleged Contract are barred as any person purportedly agreeing to the terms of the Contract on behalf of National Credit was not authorized to bind National Credit to any agreement.

### FOR AN ELEVENTH DEFENSE
(Setoff)

39. Plaintiff's claims are barred, in whole or in part, by the doctrine of setoff.

## RESERVATION AND NON-WAIVER

National Credit reserves and does not waive any additional or further defenses as may be revealed by additional information that may be acquired in discovery or otherwise.

## FOR A TWELFTH DEFENSE AND BY WAY OF COUNTERCLAIM
(Breach of Contract)

40. Defendant National Credit and Plaintiff entered into the Collection Agreement attached hereto as Exhibit A on or about May 18, 2008.

41. Pursuant to the Collection Agreement Plaintiff was to submit 5000 Qualifying Accounts for service to National Credit.

42. Plaintiff breached the Collection Agreement by only submitting approximately 3300 accounts, many of which were not "Qualifying Accounts" under the terms and conditions of the Collection Agreement. Upon information and belief, many of the accounts submitted were not qualifying, such an account being defined by the Collection Agreement, in part, to exclude one where "prior legal action was taken or accounts where judgments have been obtained, bankruptcies, and accounts which are past due twelve (12) months since last payment or charge." Upon information and belief, many of the accounts submitted were past due in excess of 12 months since the last payment or charge.

43. Upon information and belief, many of the accounts submitted to National Credit had or were deferred by Plaintiff prior to or during the pendency of the Collection Agreement. These deferments by Plaintiff caused Defendant to be unable to collect on many of the accounts and was in violation of the terms of the Collection Agreement.

44. Pursuant to the Terms and Conditions of the Collection Agreement, after 120 days of Primary Phase collection efforts, the accounts were transferred to the secondary phase of collection. Under the Collection Agreement, in addition to the fee charged for primary phase collection efforts per account, Defendant is entitled to its secondary phase collection fee as provided by the terms of the Collection Agreement (usually 50% of any accounts settled). Upon information and belief, National Credit is entitled to its secondary phase collection fee on all accounts settled after secondary phase referral. These include "account[s] settled directly with the Client or withdrawn by Client for any reason [including deferment], [and] Client will immediately send National Credit it's full fee."

45. Plaintiff has breached the terms of the Collection Agreement in the following nonexclusive respects:

> (1) by failing to provide 5000 accounts;
>
> (2) by failing to provide 5000 "qualifying accounts";
>
> (3) by settling or deferring accounts submitted to National Credit directly with the debtor;
>
> (4) failing to remit sums due to National Credit for its efforts on accounts in secondary phase collection efforts, including on those accounts deferred or otherwise settled directly with debtor; and
>
> (5) any other particulars as may be proven at trial.

46. As a direct and proximate result of these breaches of the Collection Agreement by Plaintiff, Defendant has suffered actual and consequential damages in an amount to

be proven at trial.

47.     National Credit demands a jury trial as to all claims.

WHEREFORE, having fully answered the Complaint, Defendant National Credit requests the Court award the following relief:

(A)     that Plaintiff's claims be dismissed;

(B)     that judgment be entered in favor of Defendant against Plaintiff and the Court award actual and consequential damages to the Defendant on its counterclaim;

(C)     that Defendant be awarded its costs in this action; and

(D)     for any such relief this Court deems just and equitable.

**FINKEL LAW FIRM LLC**
1201 Main Street, Suite 1800
P.O. Box 1799
Columbia, South Carolina 29202
(803) 765-2935
(803) 252-0786 fax

  /s/ William R. Padget
Charles A. Krawczyk (Dist. Court ID:  9198)
*ckrawczyk@finkellaw.com*
William R. Padget (Dist. Court ID:  9466)
*bpadget@finkellaw.com*

August 1, 2008